## Todd v. Grace Line, Inc.

*Freedman, Landy & Lorry*, for plaintiff.
*Krusen, Evans & Shaw*, for defendant.

GOLD, J., May 10, 1960.—This is a suit by a resident of Texas against a Delaware corporation on a cause of action which arose out of a collision between two ships off the southern coast of New Jersey. Plaintiff was a seaman on one of these ships, the SS "Valchem", while defendant is and was the owner and operator of the other ship, the SS "Santa Rosa", at the time of this accident.

The matter is presently before us on defendant's motion to dismiss on the ground of forum non conveniens. Defendant asserts that this case can more suitably and conveniently be tried with some 30 related cases, growing out of the same collision, now pending and consolidated in the United States District Court for the Southern District of New York.

Plaintiff objects to this motion on procedural grounds contending that it is merely a second preliminary objection which should have been raised with the preliminary objection previously submitted by defendant. See Pa. R. C. P. 1028(*b*). Defendant maintains that the matter of forum non conveniens is essentially one relating to lack of jurisdiction which can be raised at any time. See Pa. R. C. P. 1032(2).

In a very recent decision by this court, we held the doctrine of forum non conveniens to be available in this Commonwealth in a proper case: Feighner v. The Pennsylvania R. R. Co., 142 L. I. 583, (opinion filed May 3, 1960). On the day following that decision, our Supreme Court similarly held this doctrine to be part of our law, thus settling any question relating to the power of our trial courts, in the interests of justice, to decline to exercise their jurisdiction where, "upon consideration of the parties, the witnesses, the situs of the cause of action and other kindred reasons, the litigation can more appropriately be conducted in

another forum": Plum v. Tampax, Inc., 399 Pa. 553 (opinion filed May 4, 1960).

In the course of both of the foregoing decisions, it was clearly recognized that the doctrine sought to be invoked herein presented no issue with respect to *lack of jurisdiction* since the party who raises the doctrine implicitly concedes the court's jurisdiction. See also Fairchild Engine and Airplane Corporation v. Bellanca, 391 Pa. 177, 181 (1958).

Consequently, it would appear that rule 1032(2), relied upon by defendant, which refers to a situation where the court "lacks jurisdiction", affords no excuse for not raising this objection at the time of the previously submitted preliminary objection. Rule 1017-(*b*), on the other hand, permits a preliminary objection in the form of a petition "raising a question of jurisdiction". Since a "question of jurisdiction" may encompass the issue as to whether the court should refuse to exercise its jurisdiction, it is clear that the doctrine could have been raised under that rule. Cf. Tamburrino v. The Pennsylvania Railroad Co., 17 D. & C. 2d 156, 159, 160 (1958).

However, even if there were no procedural bar with respect to defendant's motion, we are convinced that the facts alleged therein fail to meet the forum non conveniens criteria set forth in the Feighner and Plum cases, supra.

There is no relevant connection between the New York forum and either the accident in question or the parties hereto. As noted above, neither party is a citizen or resident of New York. The accident did not occur in or near New York. In fact, it occurred closer to this jurisdiction. There is no allegation that the witnesses live in New York. There is no indication that New York would be a more convenient forum to plaintiff. There is no valid showing by defendant, aside from vague and unsupported statements in its

brief, that a Philadelphia trial would be particularly vexatious or oppressive. Merely because others involved in this accident have chosen to sue in New York does not, in and of itself, make that forum any more convenient than the present one. Finally, and perhaps most important of all, it does not even clearly appear whether the United States District Court for the Southern District of New York could acquire jurisdiction over this action. Especially is this so when considered in light of the fact that the United States District Court for the Eastern District of Pennsylvania remanded this action back to this court because the amount involved did not meet its jurisdictional requirement. See Todd v. Grace Lines, Inc., U. S. D. C., E. D. Pa., civil action no. 26678 (1959). A consideration of all of these factors can lead to no other conclusion but that the invocation of the doctrine in this case would be a palpable and manifest abuse of discretion.

Accordingly, plaintiff's preliminary objection to defendant's motion is sustained. Defendant's motion to dismiss is overruled and dismissed.