## Allegheny County, Appellant, *v.* Equitable Gas Company.

Argued January 13, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*W. Denning Stewart,* Assistant County Solicitor, with him *J. P. Fife,* County Solicitor, for appellant.

*Carl E. Glock,* with him *Edwin P. Griffiths, B. H. Smyers, Jr.,* and *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY MR. JUSTICE LINN, March 23, 1936:

This appeal is from the dismissal of a petition for a declaratory judgment. The learned court below was of opinion that the petition disclosed a case "ripe" for action in assumpsit and therefore excluded by the first amendment of 1935 from redress by proceeding under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS, section 831. The act was twice amended in 1935: by an Act of April 25, 1935, P. L. 72, 12 PS, section 836, amending section 6, and by another of May 22, 1935, P. L. 228, 12 PS, section 847,

prescribing the practice to be pursued in declaratory judgment proceedings. This record does not require discussion of the general scope of the new section 6 as affecting the rule of decision heretofore applied to the Act of 1923, beyond noting that it provides that a declaration may be made, notwithstanding the existence of a common law remedy, when it appears that "the case is not ripe for relief by way of such common law remedy. . . .''; in other words, if the case is "ripe" for relief by the common law remedy, that remedy shall be preferred. The amendment is quoted in the margin,* the important words on which the case turns being italicized.

Petitioner asks that the cost of use and occupation of bridges be fixed but in circumstances and conditions which do not appear in the petition; we pass the inade-

---

* "Section 6. Discretionary.—Relief by declaratory judgment or decree may be granted in all civil cases where an actual controversy exists between contending parties, or where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that there is a challenge or denial of such asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein, and the court is satisfied also that a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceeding. Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed; *but the mere fact that an actual or threatened controversy is susceptible of relief through a general common law remedy,* or an equitable remedy, or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute or not, *shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the other essentials to such relief are present;* [obviously an error in punctuation] *but the case is not ripe for relief by way of such common law remedy,* or extraordinary legal remedy, or where the party asserting the claim, relation, status, right, or privilege and who might bring action thereon, refrains from pursuing any of the last mentioned remedies. . . ." (Act of April 25, 1935, P. L. 72.)

quacy of averment (see the amendment of May 22, 1935, P. L. 228) because enough appears to show that appellant is not entitled in this proceeding to the relief prayed for. Petitioner avers that it "has from time to time erected, owned and controlled numerous bridges within its corporate limits," and that respondent "is and has been occupying and using thirty-seven (37) of said bridges with its pipes, conduits and other facilities." Accordingly, a declaration is desired (in the words of the petition) that "the sum of Twenty-one thousand three hundred twenty-three [dollars] and fifteen cents ($21,323.15) per annum is a fair and reasonable charge, past and future, to be paid by respondent to petitioner for the use and occupation of said bridges. Said sum is arrived at by computing the total tonnage on said bridges of respondent's facilities, which is 1,678,988 pounds and having said tonnage bear its proportionate cost of the total extraneous load capacity of said bridges, which is 121,439,992 pounds, and taking the proportion thereof of the maintenance cost of said bridges to petitioner, which is $1,546,460.00." There is an alternate prayer for relief to the effect that if the sum demanded be not declared to be the annual rent, the respondent be declared liable to pay such sum as the court in this proceeding may find to be payable.

The claim for use and occupation for the past is ripe for suit. The action of assumpsit is available and appropriate. (1) Petitioner has therefore not stated a case within the amendment, i. e., one "not ripe for relief by way of such common law remedy." (2) It is also obvious that the determination of the fair value of the use and occupation in the past will not terminate the dispute as to the future because of the uncertainty of the conditions of the future occupation. The statute does not contemplate a declaration that will not settle the actual controversy.

The order appealed from is affirmed, costs to be paid by appellant.