Opinion by
 

 Rhodes, J.,
 

 This was a petition for a declaratory judgment under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840 (12 PS §831 et seq.), as amended by the Act of April 25, 1935, P. L. 72 (12 PS §836), and the Act of May 22, 1935, P. L. 228 (12 PS §847-853). The prayer of the petition was that the court below should enter a declaratory judgment construing the last will and testament of Henry Oberts, deceased, and determining the question of title to the real estate described in the petition. This is an appeal by respondents from a declaratory judgment “awarding the land described in the petition to the plaintiff.”
 

 Petitioner averred that by virtue of the residuary clause contained in the last will and testament of Henry Oberts, deceased, he had a fee simple title to the real estate described in the petition; that title thereto was also claimed by the devisees under the last will and testament of Raney Oberts, deceased.
 

 It appears that Henry Oberts died testate on June 10, 1920. By his last will and testament he provided, inter alia, as follows: “Then I give, devise and bequeath to my beloved wife, Raney Oberts, the house and lot, situate on the Rortherly side of Main Street, Ro. 1006 Peckville, Pennsylvania, and all the contents of the house during the time she remains my widow and in case she needs it for her support she has the right to sell any or all of said property and make title to the same.......And as to all the rest, residue and remainder of my estate real, personal or mixed of whatever nature or kind or wheresoever situate at the time of my decease, I do hereby give, devise and bequeath the same to my son, Harry Oberts.”
 

 
 *79
 
 Nancy Oberts died on September 21, 1936, and by her last will and testament, with the codicils attached thereto, devised her real estate to certain devisees, and further provided that for the purpose of distribution her executors were to sell and dispose of her real estate within a period of six months after her decease.
 

 The real estate described in the petition is the same as that mentioned in the will of Henry Oberts. Nancy Oberts had no interest in any real estate other than that mentioned in ithe will of Henry Oberts and described in the petition for declaratory judgment. Nancy Oberts did not remarry, but enjoyed the use of the real estate during her lifetime, and made no disposition of any of it prior to her death.
 

 Two of the respondents named in the petition made answer, averring that the Orphans’ Court of Lackawanna County, rather than the Court of Common Pleas, had exclusive jurisdiction to determine the question submitted in the petition for declaratory judgment. It was also averred in the answer that Nancy Oberts, by her last will and testament, disposed of the real estate, and that, by virtue of the last will and testament of Henry Oberts, deceased, she had the right to do so.
 

 The issue is the title and the right to the possession of this real estate. It is appellants’ (respondents’) contention that the will of Henry Oberts vested an absolute estate in Nancy Oberts. The position of the appellee (petitioner) is that, by the residuary clause in the will of Henry Oberts, he acquired a fee simple title, as Nancy Oberts had only a life estate with power to consume. Appellee’s claim of title and right to possession is ripe for relief by way of a common law remedy. An action of ejectment is the proper remedy to determine the issue. Although Section 6 of the Act of June 18, 1923, P. L. 840, as amended by the Act of April 25, 1935, P. L. 72 (12 PS §836), provides that a declaration may be made, notwithstanding the existence of a com
 
 *80
 
 mon law remedy, when it appears that “the case is not ripe for relief by way of snch common law remedy,” if the case is ripe for relief by the common law remedy, that remedy shall be preferred.
 
 Allegheny County v. Equitable Gas Co.,
 
 321 Pa. 127, 183 A. 916. “If a case is ripe for relief by the common law remedy or any other remedy that remedy shall be preferred. See the Act of April 25, 1935, P. L. 72, and
 
 Allegheny County v. Equitable Gas Co.,
 
 321 Pa. 127, 183 A. 916”:
 
 Bergman v. Gross et al.,
 
 329 Pa. 67, at page 69, 196 A. 488, at page 489.
 

 An action of ejectment is available and appropriate; and as appellee, in his petition for declaratory judgment, has not stated a case within the statute, i. e., one “not ripe for relief by way of such common law remedy,” the judgment of the court below must be reversed.
 
 Allegheny County v. Equitable Gas Co.,
 
 supra, p. 130. The court below should not have assumed jurisdiction of the proceedings, and even if both parties had joined in asking for such a judgment, the question of its availability must be determined by the appellate court on appeal.
 
 Taylor v. Haverford Township,
 
 299 Pa. 402, 149 A. 639;
 
 Erie City et al. v. Phillips, Adm’x,
 
 323 Pa. 557, 187 A. 203. The Declaratory Judgments Act shall not be used in cases to which it is not properly applicable.
 
 Taylor v. Haverford Township,
 
 supra, p. 406. Nor shall it be an optional substitute for established and available remedies.
 

 Judgment of the court below is reversed, and the petition is dismissed, at the cost of appellee.