## Stofflet & Tillotson v. Chester Housing Authority, Appellant.

Argued January 12, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Harold R. Gill,* for appellant.

*Milton Berger,* for appellee.

OPINION BY MR. JUSTICE PARKER, March 22, 1943:

This was a petition for a declaratory judgment under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, as amended by Act of April 25, 1935, P. L. 72, and Act of May 22, 1935, P. L. 228 (12 PS §§831-853). The court below entered a judgment in plaintiff's favor and defendant has appealed to this court. We are all of the opinion that the petition should have been dismissed.

On June 11, 1940, plaintiff and defendant entered into a written contract for the construction of 39 buildings, comprising 350 dwelling units, to be erected on land of defendant in the city of Chester. On June 24, 1940, defendant notified plaintiff that it had not been able to acquire title to one of the parcels, known as parcel No. 13, on which some of the buildings were to be constructed, and that it would not issue a "proceed order" until plaintiff made certain concessions. Plaintiff made concessions and the "proceed order" was issued on July 1, 1940. Difficulty later arose over acquiring title to parcel No. 61, and plaintiff was not permitted to proceed on that location until April 17, 1941. When the petition was filed, a large proportion, but not all, of the buildings had been completed. The contracts of the parties provided for arbitration in the event that certain disputes should arise. The petition averred that plaintiff had suffered large damages by reason of extra costs of construction due to the delay occasioned by the default of the defendant in having title to parts of the land, and prayed for a judgment or decree construing the rights

of the parties under the contract, their dealings, and certain subsequent agreements to be as follows: (1) That the dispute is subject to arbitration for the purpose of determining the amount of added costs to which plaintiff is entitled; (2) that the defendant breached the terms of the contract by failure to deliver possession of building sites Nos. 13 and 61 within a reasonable time after the execution of the contract; (3) that the plaintiff is entitled to receive from defendant such sums as would compensate plaintiff for additional costs and expenses, specifically enumerated, occasioned by delay in furnishing possession of portions of the site on which the buildings were to be constructed.

The defendant answered the petition denying certain allegations of fact, and also denying that the plaintiff was entitled to any additional compensation under the terms of the contract and the agreements of the parties by reason of the delay, or that the dispute was subject to arbitration. Defendant acquiesced in a request for a judgment by the court as to the rights of the parties. The parties later stipulated in writing that it was agreed that plaintiff had suffered damages "due to the delay in delivery on the part of the Chester Housing Authority of parcels 13 and 61", and "that in the event that the Court determines that Chester Housing Authority is legally liable for said damages and loss occasioned as aforesaid, that the parties hereto agree by arbitration or otherwise, in accordance with the provisions of the contract between them, to determine the amount of such damages, added compensation and increased cost." It will be noted that this was not an unconditional agreement to arbitrate even if it should be held that defendant had breached its contract.

Even though the granting of a petition for a declaratory judgment is a matter that lies within the judicial discretion of the court (*Kahn v. Wm. Goldman Theatres, Inc.,* 341 Pa. 32, 35, 17 A. 2d 340), and though both parties have joined in asking for such a judgment, the

question of its availability must be determined by the appellate court on appeal: *Taylor v. Haverford Twp.*, 299 Pa. 402, 406, 149 A. 639; *Erie v. Phillips, Admx.*, 323 Pa. 557, 559, 187 A. 203; *Oberts v. Blickens*, 131 Pa. Superior Ct. 77, 80, 198 A. 481. It is not an optional substitute for established and available remedies. "The Uniform Declaratory Judgments Act . . . was not intended for, and should not be invoked in cases where the judgment sought can be had as expeditiously in the ordinary course of legal procedure as it can under the statute": *Nesbitt v. Mfrs. Casualty Ins. Co.*, 310 Pa. 374, 380, 165 A. 403. The fundamental principle so declared in numerous cases was not changed by the amendment of 1935: *Allegheny County v. Equitable Gas Co.*, 321 Pa. 127, 129, 183 A. 916.

We are, therefore, at the outset confronted with a question as to whether the Declaratory Judgments Act provided a more convenient and expeditious remedy than other regular and established remedies. While the ultimate question between the parties is what, if any, damages were then due the petitioner, the petition merely asked to have determined the scope of the arbitration clause in their agreement. This question was interwoven with a preliminary question as to whether there had been a breach of contract by defendant which necessitated the appointment of any arbitrators. The petitioner had even been claiming that the question of breach was for the arbitrators.

Under these circumstances, it is clear that the petitioner had an adequate remedy in the ordinary course of legal procedure. The plaintiff is asserting and the respondent is denying that the arbitration clauses are applicable to the situation, and they also differ in their claims as to whether the defendant had breached its contract by the delay in securing the site for the buildings.

The Act of April 25, 1927, P. L. 381, as amended by the Act of June 21, 1935, P. L. 400 (5 PS §§161-179),

with relation to arbitration, furnishes all the machinery essential to an adjudication of the real dispute and of all the questions that were raised by the petition for the declaratory judgment. If that statute had been prepared for the express purpose of meeting the present situation, it is doubtful if it could have more accurately met it. Sections 3 and 4 of the Arbitration Act (5 PS §§163, 164) provide an adequate remedy for determining just such questions as are raised here. It is even provided by §17 (5 PS §177) that if difficult legal questions arise before the arbitrators, they may have access to the court of common pleas for a declaratory judgment on such questions of law. Cf. *Phila. Housing Authority v. Turner Const. Co.,* 343 Pa. 512, 23 A. 2d 426.

If the plaintiff was of the opinion that there was then due it a sum of money and that the arbitration provisions of the contract did not apply, it could have proceeded by an action in assumpsit, and if the opponent thought the arbitration provision did apply, then §2 (5 PS §162) provides that such dispute may be preliminarily determined by the court.

An examination of the pleadings shows that it is alleged that a determination of the question as to whether there had been a breach of contract which necessitated arbitration depended in part on matters of fact which would be for a jury to determine. While §9 (12 PS §839) of the Declaratory Judgments Act provides for submitting disputed questions of fact to a jury, §3 (5 PS §163) of the Arbitration Act makes like provision. Such a situation should be taken into consideration in determining the availability of the remedies. "Ordinarily, it [the court] will not act [under the Declaratory Judgments Act] where there is a dispute as to facts, or such controversy may arise": *Ladner v. Siegel,* 294 Pa. 360, 368, 144 A. 271, 12 A. L. R. 72. The petition must be dismissed.

Judgment reversed and the petition is dismissed, costs to be equally divided between plaintiff and defendant.