# Fairchild Engine & Airplane Corporation *v.* Bellanca Corporation, Appellant.

Argued November 11, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Melvin Lashner*, with him *Miller, Adelman & Lavine*, for appellant.

*John Norris*, with him *E. Brooks Keffer, Jr.* and *Norris, Lex, Hart & Ross*, for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, January 8, 1958:

Fairchild Engine & Airplane Corporation, organized under the laws of Maryland and having its principal place of business in Hagerstown, Maryland, brought suit in assumpsit in a court of common pleas of Philadelphia County against the Bellanca Corporation, which is organized under the laws of Delaware and has its principal place of business in New Castle, Delaware. The suit was for the recovery of damages for the defendant's alleged breach of a written contract executed in Delaware and to be performed there. Under the terms of the contract, Bellanca was to manu-

facture and deliver to Fairchild nose assemblies for military aircraft. After beginning performance of the contract, but before completion, Bellanca sold its plant and entire business in New Castle to Piasecki Aircraft Corporation which is organized under the laws of Pennsylvania and has its principal place of business at Island Road, International Airport, Philadelphia. Fairchild instituted its suit in Philadelphia County by a writ of foreign attachment summoning as garnishee, Piasecki, which has in its possession a valuable *chose* of Bellanca.

Bellanca filed preliminary objections to the complaint and moved for judgment in its favor, assigning as reason therefor that the court did not have jurisdiction of the parties plaintiff or defendant and should not take jurisdiction by way of foreign attachment as the controversy is between two foreign corporations not registered to do business in Pennsylvania and arose out of a contract which was made in Delaware for contemplated performance there. The court dismissed the preliminary objections and gave the defendant twenty days in which to answer over. Instead of so doing, however, the defendant took this appeal ostensibly under the Act of March 5, 1925, P. L. 23, 12 P.S. §672, in the apparent belief that a jurisdictional question was involved. Such is plainly not the case.

The action being in assumpsit on a written contract is a subject matter whereof the common pleas court has undoubted jurisdiction. *Witney v. Lebanon City,* 369 Pa. 308, 311, 85 A. 2d 106; *Strank v. Mercy Hospital of Johnstown,* 376 Pa. 305, 309, 102 A. 2d 170. As to the parties, the plaintiff is voluntarily in court by virtue of its own invocation of the court's jurisdiction. The suit having been instituted by writ of foreign attachment is a proceeding *quasi in rem*: *Atkins v. Canadian SKF Company,* 353 Pa. 312, 314, 45 A. 2d

28. The garnishee, admittedly, has possession of property of the defendant, is a resident corporation amenable to the court's process and has been duly served with the writ. In *Falk & Company v. South Texas Cotton Oil Company*, 368 Pa. 199, 205, 82 A. 2d 27, we said with respect to an action begun by writ of foreign attachment: "Two fundamental facts must coexist: (1) The defendant must be a nonresident or a foreign corporation; and (2) the defendant must have real or personal property within this Commonwealth when the writ of foreign attachment was served on the garnishee." See, also, *David E. Kennedy, Inc. v. Schleindl*, 290 Pa. 38, 41, 137 A. 815. Both of those requirements are present here. An appearance by the defendant corporation is not necessary to the court's jurisdiction of the parties. The defendant may, of course, appear and defend on the merits if it so chooses. The purpose of a writ of foreign attachment is to compel an appearance by a defendant who is a resident of a foreign state: *Raymond v. Leishman*, 243 Pa. 64, 69, 89 A. 791. There is, therefore, no question here of jurisdiction which is appealable under the Act of 1925. Nor was the court's order otherwise appealable being merely an interlocutory dismissal of the defendant's preliminary objections with leave to the defendant to answer over. So much is sufficient for the dismissal of this appeal.

What the defendant actually argued in this court was that the plaintiff, being a non-resident corporation and not registered to do business in Pennsylvania, could not avail itself of a writ of foreign attachment in a Pennsylvania court to commence an action against a non-resident debtor, i.e., a question as to the plaintiff's standing to sue—in reality a subject matter for a motion to quash and not the predicate of a jurisdictional question. In any event, the contention is obviously without merit. See *Mulliken v. Aughinbaugh*, 1

 

P. & W. 117, 126; also *Wiener v. American Insurance Company of Boston*, 39 Pa. Superior Ct. 219, 221. However, this point need not be pursued further. As already pointed out the appeal is from an unappealable interlocutory order.

The defendant's further argument that the court below erred in not sustaining the preliminary objections to the complaint by applying the doctrine of *forum non conveniens*, seeks to question the court's exercise of a discretion. No time need be spent in demonstrating that the court below did not abuse its discretion in rejecting the *forum non conveniens* plea. The contention implicitly concedes the court's jurisdiction and raises no question appealable under the Act of 1925, supra.

Appeal dismissed.