McWilliams *v.* McCabe, Appellant.

Argued November 17, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*Thomas M. Garrity* and *David N. Weiner,* with them *Wisler, Pearlstine, Talone & Gerber,* and *Robinson, Greenberg & Lipman,* for appellants.

*Victor J. Roberts,* with him *Robert L. Trescher,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, March 21, 1962:

Before passing upon the question raised by the appeal, namely, whether or not the lower Court properly assumed jurisdiction in a Declaratory Judgment proceeding, we shall first dispose of the appellees' petition to quash the appeal to this Court based on the contention that the Order of the lower Court dismissing preliminary objections to the petition was interlocutory. The right of appeal raising a question of jurisdiction under the Act of 1925 has proved so perplexing to the bar that we shall consider it at some length.

The appellants contend that their right to appeal is authorized by the Act of March 5, 1925, P. L. 23, §1 (12 PS §672 et seq.) which provides: "Wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require; and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments."

The provisions of this section, insofar as they apply to the practice and procedure in actions governed by the Rules of Civil Procedure, have been suspended by Rule 1451 of the Rules of Civil Procedure, except insofar as they relate to appeals. Therefore, as pointed out by Mr. Justice CHIDSEY, in a footnote to his opinion in *Strank v. Mercy Hospital of Johnstown,* 376 Pa. 305, 102 A. 2d 170, "the right to appeal from a preliminary determination of jurisdiction has been preserved."

In *Dozor Agency v. Rosenberg,* 403 Pa. 237, 169 A. 2d 771, defendants appealed from the Order of the lower Court which dismissed their respective preliminary objections. The appeal was taken under the Act of 1925 on the ground that Equity had no jurisdiction

of the complaint since jurisdiction lay by statute solely and exclusively in the Insurance Commissioner of Pennsylvania. In that case the Court said (pages 240, 242) : "However, generally speaking, an Order overruling preliminary objections is interlocutory and not appealable : Grosso v. Englert, 381 Pa. 351, 113 A. 2d 250. That general rule is, however, subject to the exception that if a question of jurisdiction is involved that question is appealable under the Act of March 5, 1925: Gardner v. Allegheny County, 382 Pa. 88, 114 A. 2d 491; Powell v. Shepard, 381 Pa. 405, 113 A. 2d 261. . . . We believe that defendants' contention that The Insurance Unfair Practices Act gives the Insurance Commissioner exclusive jurisdiction and ousts all jurisdiction from Courts of Equity, raises a question of jurisdiction under the Act of 1925, although as we shall see there is no merit in this contention."

We have been unable to find any case involving the application of the Act of 1925 to declaratory judgment proceedings. However, in *Strank v. Mercy Hospital of Johnstown,* supra, it was construed in connection with an action in mandamus and the language of the statute there considered is strikingly similar to that in the Uniform Declaratory Judgments Act.

The Act of June 8, 1893, P. L. 345, §1, as amended (the most recent amendment being the Act of May 13, 1925, P. L. 664, 12 PS §1911) provides: "The several courts of common pleas *shall . . . have the power* to issue writs of mandamus. . . ." The Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, §1, 12 PS §831, provides: "Courts of record, within their respective jurisdictions, *shall have power* to declare rights, status and other legal relations. . . ."

In the *Strank* case we said: "Since the present appeal is under the Act of March 5, 1925, supra, the sole question within the scope of our inquiry on this appeal is whether the cause of action sued upon and sought to

be enforced by mandamus against a private institution, *is within the general class of controversies committed to the lower court*: see Witney v. Lebanon City, 369 Pa. 308, 85 A. 2d 106. In the Witney case, Justice (now Chief Justice) HORACE STERN, reviewed at length the cases in Pennsylvania dealing with the question of jurisdiction of subject matter and then enunciated principles that guide us in resolving the instant question. It was there held that the test for determining whether a court has jurisdiction of the subject matter is the competency of the court to determine controversies of the *general class* to which the case presented for its consideration belongs, and the controlling question is whether the court had power to enter upon the inquiry, not whether it might ultimately decide that it was unable to grant the relief sought in the particular case. It was further held that the Act of 1925 was not concerned with matters going to the right of the plaintiff to recover on his cause of action but only with his right to have his cause of action heard and determined. Again in Upholsterers' International Union of North America v. United Furniture Workers of America, C.I.O., et al., 356 Pa. 469, 473, 52 A. 2d 217, Mr. Justice JONES, speaking for the Court, declared that, '. . . The thing of chief importance on a question of jurisdiction of subject-matter is not whether the plaintiff may recover in the particular forum on the cause of action pleaded but whether the court is empowered to hear and determine a controversy of the character involved: . . .'."

In *Main Cleaners & Dyers, Inc. v. Columbia Super Cleaners, Inc.*, 332 Pa. 71, 2 A. 2d 750, Mr. Justice (later Chief Justice) STERN, aptly said: "A court may have jurisdiction over the subject-matter of litigation even though the statement of claim or the bill of complaint be obviously demurrable as not setting forth a good cause of action. The test of jurisdiction is whether the court has power to enter upon the inquiry, not

whether it may ultimately decide that it is unable to grant the relief sought in the particular case: Kaisha, Ltd. v. Ewing-Thomas Corporation, 313 Pa. 442, 446; Heffernan's Appeal, 121 Pa. Superior Ct. 544, 547. The question of jurisdiction relates solely to the competency of the court to determine controversies of the *general class** to which the case presented for its consideration belongs: Skelton v. Lower Merion Township, 298 Pa. 471, 473; Grime v. Department of Public Instruction, 324 Pa. 371, 378; Massachusetts Bonding & Insurance Co. v. Johnston & Harder, Inc., 330 Pa. 336, 340. Thus, in Welser v. Ealer, 317 Pa. 182, it was held that the court had jurisdiction over a suit for damages for injuries resulting from an automobile accident, although plaintiff was an employee of defendant and was injured in the course of his employment and thereby precluded from recovering damages for his injury by any method other than that prescribed in the Workmen's Compensation Act."

In *Gardner v. Allegheny County*, 382 Pa. 88, 114 A. 2d 491, the Court said (page 95) : " '. . . Jurisdiction of the cause of action, as used in the statute, relates "solely to the competency of the particular court to determine controversies of the general class to which the case then presented for its consideration belongs" : Skelton v. Lower Merion Twp., 298 Pa. 471, 473.' "

This principle has been reiterated time and again. See *Zerbe Township School District v. Thomas*, 353 Pa. 162, 44 A. 2d 566; *Upholsterer's International Union of North America v. United Furniture Workers of America, C.I.O.*, 356 Pa. 469, 52 A. 2d 217; *Gardner v. Allegheny County*, 382 Pa. 88, 114 A. 2d 491; *Pennsylvania Coal Co. v. Luzerne County*, 390 Pa. 143, 134 A. 2d 657; *Fairchild Engine & Airplane Corp. v. Bellanca Corp.*, 391 Pa. 177, 137 A. 2d 248; *Guzek v. Empire Wholesale*

---

* Italics throughout, ours.

*Co.,* 396 Pa. 78, 151 A. 2d 470; *Adler v. Philadelphia,* 397 Pa. 660, 156 A. 2d 852; *Dozor Agency v. Rosenberg,* 403 Pa., supra; *Dauphin Dep. Trust Co. v. Myers,* 388 Pa. 444, 461, 130 A. 2d 686.

In the present case, the lower Court was expressly given the *power* to hear and determine in a declaratory judgment proceeding controversies of the general character or class here involved, and consequently it had jurisdiction of the subject matter. The fact that the lower Court might, or that on appeal we might determine that it should not or could not grant a judgment or decree sought by petitioner does not destroy that Court's power or nullify its jurisdiction. It follows that an Order of the lower Court exercising such *power* in response to a pleading which raises the issue is appealable under the provisions of the Act of 1925.

Accordingly, the appellees' motion to quash or dismiss the appeal must be denied.

We come now to the question as to whether the lower Court properly dismissed appellants' Answer Raising Questions of Law. The pertinent facts as set forth in the petition are that on October 20, 1959, plaintiffs conveyed to defendants a tract of 5 acres in fee simple, which conveyance they averred was made pursuant to an agreement of sale which contained, inter alia, the following provision: "It is understood and agreed that Buyer may *improve* the land to be conveyed, that is the five acre tract, only with an office building, hotel, inn, or apartment; any such *improvements* shall be of first class design and construction and subject to the approval of all authorities having jurisdiction and the Owners, which approval shall not be unreasonably withheld."

Petitioners further averred that "During the course of negotiations for said Agreement of Sale and for the aforesaid Option Agreement, and at the time the five acre tract was conveyed and the Option Agreement en-

tered into, respondents represented to petitioners that they intended to erect a 'motor hotel' project on the five acre tract; that they might need an additional two acres to ensure the success and high quality of said 'motor hotel' project; and that they would use the adjacent two-acre tract, if they purchased it pursuant to the Option Agreement, only in conjunction with and as part of said 'motor hotel' project."

Petitioners also averred that on the same day, to-wit, October 20, 1959, the plaintiffs granted to defendants an option to purchase, at any time not later than September 20, 1961, an adjacent two-acre tract; that the option contained the following clause: "If the option is exercised, plans and specifications for the *improvement* to be erected on said premises will be subject to the approval of Seller, which approval shall not be unreasonably withheld"; that by letter dated February 10, 1961, defendants exercised their option and submitted with said letter a plan and description of an office building which they intended to erect on the two-acre tract. The prayer of the petition was that the Court enter a decree construing the terms and provisions of the option agreement and declare that the plaintiffs are not obligated to convey or, in the alternative, if plaintiffs convey, the defendants be enjoined from erecting any building which does not form part of a "motor hotel". The defendants filed an answer praying the Court to dismiss the petition, asserting that declaratory judgment does not lie because the plaintiffs were in effect attempting to reform the agreements,* and because the litigation would not terminate or be a practical help in terminating the controversies.

Since the question of when a Court can and should take jurisdiction of a petition for a declaratory judg-

---

* Defendants also vigorously contended that no relief could be decreed since it was predicated on an inadmissible parol agreement. See infra.

ment has been widely misunderstood we shall review the pertinent principles.

In *Keystone Insurance Company v. Warehousing and Equipment Corporation*, 402 Pa. 318, 165 A. 2d 608, the Court said (pages 320-322):

"The two most important questions raised in this appeal are (1) whether the Court below abused its discretion in exercising jurisdiction in this proceeding, . . .

"Notwithstanding the broad language of the Declaratory Judgments Act, they are not, and practical experience and realities have demonstrated that they should not be a matter of right, but a matter initially for the sound discretion of the lower Court. In the leading case of Eureka Casualty Company v. Henderson, 371 Pa. 587, 92 A. 2d 551, this Court, speaking through Chief Justice STERN, said (pages 591-592): 'We start with the fundamental proposition that whether or not a court will take jurisdiction of a petition for a declaratory judgment or decree is purely a matter of judicial discretion. . . . This discretionary character of the judicial process in such actions has been consistently proclaimed by this court ever since declaratory judgments first came into being: Kariher's Petition (No. 1), 284 Pa. 455, 471, 131 A. 265, 271; Carwithen's Estate, 327 Pa. 490, 494, 194 A. 743, 745; Capital Bank and Trust Company's Petition, 336 Pa. 108, 111, 6 A. 2d 790, 792; Kahn v. William Goldman Theatres, Inc., 341 Pa. 32, 35, 17 A. 2d 340, 341; Schoenbrun v. Nettrour, 360 Pa. 474, 477, 61 A. 2d 868, 869.

" 'The question arises, therefore, whether, under the facts here presented, judicial discretion would be wisely exercised if plaintiff's petition were granted. . . . It was said in Capital Bank and Trust Company's Petition, 336 Pa. 108, 111, 6 A. 2d 790, 792: ". . . the vital factor in the assumption of jurisdiction is the presence of antagonistic claims indicating imminent and inevitable litiga-

tion, coupled with a clear manifestation that the declaration sought will be a practical help in ending the controversy: . . ." '

"See to the same effect: Lifter Estate, 377 Pa. 227,. 228-229, 103 A. 2d 670.

"In Stofflet & Tillotson v. The Chester Housing Authority, 346 Pa. 574, 31 A. 2d 274, the Court said (pages 576-577) : 'Even though the granting of a petition for a declaratory judgment is a matter that lies within the judicial discretion of the court (Kahn v. Wm. Goldman Theatres, Inc., 341 Pa. 32, 35, 17 A. 2d 340), and though both parties have joined in asking for such a judgment, *the question of its availability must be determined by the appellate court on appeal*: Taylor v. Haverford Twp., 299 Pa. 402, 406, 149 A. 639; Erie v. Phillips, Admx., 323 Pa. 557, 559, 187 A. 203; Oberts v. Blickens, 131 Pa. Superior Ct. 77, 80, 198 A. 481. *It is not an optional substitute for established and available remedies.* "The Uniform Declaratory Judgments Act . . . was not intended for, and *should not be invoked in cases where the judgment sought can be had as expeditiously in the ordinary course of legal procedure as it can under the statute*": Nesbitt v. Mfrs. Casualty Ins. Co., 310 Pa. 374, 380, 165 A. 403. The fundamental principle so declared in numerous cases was not changed by the amendment of 1935: Allegheny County v. Equitable Gas Co., 321 Pa. 127, 129, 183 A. 916.'

. · "In the instant case the question does not. involve an. interpretation of the words or the terms of the policy of .insurance, but basically involves a question .of· fact as to whether the insured gave to the insurance company notice that the trailer was to be included as part of the automobile which was insured. The Court is thus asked to decide, without the aid of a jury trial, a question, not of the interpretation of a contract of in-. surance, but a disputed question of fact. ' "Ordinarily,

it [the court] will not act [under the Declaratory Judgments Act] where there is a dispute as to facts, or such controversy may arise": Ladner v. Siegel, 294 Pa. 360, 368, . . .': Stofflet & Tillotson v. Chester H. A., 346 Pa., supra."

In *Lifter Estate*, 377 Pa., supra, where we sustained declaratory judgment proceedings, we reviewed and attempted to settle the vexing question and the proper applicable tests for sustaining a petition for a declaratory judgment and said:

"In Eureka Casualty Co. v. Henderson, 371 Pa. 587, 92 A. 2d 551, Mr. Chief Justice STERN said (pages 591, 592) : '. . . whether or not a court will take jurisdiction of a petition for a declaratory judgment or decree is purely a matter of judicial discretion. . . . It was said in Capital Bank and Trust Company's Petition, 336 Pa. 108, 111, 6 A. 2d 790, 792; ". . . the vital factor in the assumption of jurisdiction is the presence of antagonistic claims indicating imminent and inevitable litigation, *coupled with a clear manifestation that the declaration sought will be a practical help in ending the controversy: . . ."* '

"The facts in the instant case bring it within the aforesaid requirements; the problems involved are so unusual and difficult, litigation was so imminent and inevitable, and the peril to the Federation was so great and immediate that we consider this to be an appropriate matter for a declaratory judgment."

The *Lifter* case was followed by *Wirkman v. Wirkman Co.*, 392 Pa. 63, 139 A. 2d 658. In that case we affirmed the action of the lower Court which had sustained preliminary objections to a petition for declaratory judgment, thus denying the availability of the remedy. Mr. Justice COHEN, speaking for a unanimous Court, aptly said (page 66) : "A declaratory judgment should not be granted *where a more appropriate rem-*

*edy is available.** See Stofflet & Tillotson v. Chester Housing Authority, 346 Pa. 574, 31 A. 2d 274 (1943); Borchard, Declaratory Judgments 302 (2nd ed. 1941)."

These principles were again reiterated in *Keystone Insurance Company v. Warehousing and Equipment Corporation,* 402 Pa., supra.

Our most recent consideration of the Uniform Declaratory Judgments Act was in *Holt Estate,* 405 Pa. 244, 252, 174 A. 2d 874, where we said: "The questions here involved readily could and should have been raised by an appeal from the probate of Holt's will of 1944 and the codicil of 1950, instead of by declaratory judgment proceedings. There are no exceptional circumstances to justify such proceedings. Declaratory judgment proceedings in cases such as this, disrupt appropriate well settled procedures and are likely to increase litigation which is already swamping our Courts; and *'A declaratory judgment should not be granted where a more appropriate remedy is available.* See Stofflet & Tillotson v. Chester Housing Authority, 346 Pa. 574, 31 A. 2d 274 (1943); Borchard, Declaratory Judgments, 302 (2nd ed. 1941)': Wirkman v. Wirkman, 392 Pa. 63, 66, 139 A. 2d 658. See to the same effect Eureka Casualty Co. v. Henderson, 371 Pa. 587, 592, 92 A. 2d 551; Capital Bank & Trust Company's Petition, 336 Pa. 108, 6 A. 2d 790; Lifter Estate, 377 Pa. 227, 103 A. 2d 670."

The conveyance by plaintiffs of the five acres, pursuant to the above mentioned agreement of sale—which gave the buyer the right to *improve* the five-acre tract *with an office building, hotel, inn or apartment,* and

---

* An example of a broad interpretation which at first blush is not in accord with all the principles and authorities hereinabove cited and quoted is *Johnson Estate,* 403 Pa. 476, 171 A. 2d 518, where the Court allowed a declaratory judgment after assuming that all other requisites were present, including the availability of another remedy.

that any such *improvements* were subject to the approval of the owners—*must be construed in conjunction with the option* to purchase the adjacent two-acre tract, which option, if exercised, required the approval of the seller to the plans and specifications for the *improvement* to be erected on said premises. The sale of the five-acre tract and the option for the two-acre plot were, under petitioner's averments, *inextricably interwoven.* Petitioner is therefore asking the Court in this declaratory judgment proceedings, first, to very substantially change, vary, limit and negate—under the guise of "interpreting"—the written agreement of sale for the five acres and secondly to impair, modify and effectually nullify a fee simple deed to said premises, by parol evidence.* How often do we have to reiterate that we intend to uphold the integrity of written contracts and that we will not permit them to be altered, modified, changed, circumvented, or effectually nullified by parol evidence—in the absence of fraud, accident or mistake which induced or was contemporaneous with the written agreement and was omitted therefrom by fraud, accident or mistake: *Sokoloff v. Strick,* 404 Pa. 343, 348, 172 A. 2d 302; *Pellegrene v. Luther,* 403 Pa. 212, 169 A. 2d 298; *Orner v. T. W. Phillips Gas & Oil Co.,* 401 Pa. 195, 163 A. 2d 880; *Amour Estate,* 397 Pa. 262, 154 A. 2d 502; *Furjanick Estate,* 375 Pa. 484, 100 A. 2d 85; *Phillips Gas & Oil Co. v. Kline,* 368 Pa. 516, 84 A. 2d 301; *Grubb v. Rockey,* 366 Pa. 592, 79 A. 2d 255; *Walker v. Saricks,* 360 Pa. 594, 63 A. 2d 9; *Gianni v. Russell & Co., Inc.,* 281 Pa. 320, 126 A. 791.

Moreover, what would happen to titles to real estate if fee simple deeds could be limited or nullified by parol evidence or oral agreements such as are alleged in the instant case? Since the original agreement of sale

---

* On the trial such evidence, if objected to, would be inadmissible.

with respect to the five acres *must be construed*, under petitioner's pleadings, *in conjunction with the option*, the option dealing with an "improvement" on the two-acre lot would similarly have to be substantially limited by parol evidence which, on the trial, would be inadmissible.

In *Savitz v. Weinstein*, 395 Pa. 173, 149 A. 2d 110, the Court said (page 174): "In *Gardner v. Allegheny County*, 382 Pa. 88, 114 A. 2d 491, the Court said (page 94): 'Defendants by their "preliminary objections admit as true all facts which are averred in the bill of complaint but not the pleaders' conclusions or averments of law": *Narehood v. Pearson*, 374 Pa. 299, 302, 96 A. 2d 895. . . .'" However, the applicability of the Parol Evidence Rule may be raised by preliminary objections in advance of trial, and preliminary objections do not admit the allegations that parol evidence changed the written agreement. Furthermore, notwithstanding the name given to it, the parol evidence rule is a rule not of evidence but of substantive law: *Sokoloff v. Strick*, 404 Pa., supra; *O'Brien v. O'Brien*, 362 Pa. 66, 71, 66 A. 2d 309; *Lefkowitz v. Hummel Furniture Co.*, 385 Pa. 244, 247, 122 A. 2d 802; *Bardwell v. Willis*, 375 Pa. 503, 100 A. 2d 102.

The defendants properly point out that an action for the reformation of a contract lies solely in equity: *Baskind v. National Surety Corporation*, 376 Pa. 13, 101 A. 2d 645. It is their contention that what the plaintiffs are actually requesting is that the Court, under the guise of "interpretation," (a) grant equitable and injunctive relief and (b) determine that the word "improvement" in the sale and conveyance of the five-acre tract and in the option agreement for the two-acre tract, be changed, reformed and limited to read "motor court" or "adjunct to a motor hotel". A similar contention was made but was rejected by this Court in *Baskind v. National Surety Corporation*, supra. Plain-

tiffs, on the other hand, contend that they merely desire to have the option construed, not reformed. If the Court, as plaintiffs desire, should (after hearing) determine that the defendants could not erect any "building which does not form part of the 'motor hotel' project", this would terminate the present controversy, but it would not terminate other controversies which would likely or almost certainly arise under and from the option. Furthermore, it is clear that if the lower Court did not agree with the interpretation presently desired by plaintiffs, it could not possibly determine and cover or limit by decree all the possible uses for which the two-acre tract could be utilized, e.g., office building, apartment house, restaurant, supermarket, ad infinitum, or end the many likely controversies between the parties.

This is particularly a case for relief, if any, in Equity and not for a declaratory judgment. A declaratory judgment is particularly inappropriate in the light of the facts averred by petitioners who, we repeat, in effect seek a reformation of a written agreement of sale and of an option, and necessarily rely for recovery on a parol agreement (a) to limit or nullify a deed in fee simple and (b) to change and reform a written agreement of sale and a written option, in the teeth of the Parol Evidence Rule.

For each and all of the aforesaid reasons: Order reversed; petition dismissed, costs to be paid by appellees.

---

CONCURRING AND DISSENTING OPINION BY MR. JUSTICE BENJAMIN R. JONES:

With the result reached by the majority of this Court I am in full accord. With certain statements made in the majority opinion, I am in complete agreement.

I agree that: (1) whether a court should entertain a declaratory judgment proceeding is a matter within the discretion of the court; *Eureka Casualty Company v. Henderson,* 371 Pa. 587, 92 A. 2d 551; *Lifter Estate,* 377 Pa. 227, 103 A. 2d 670; (2) ". . . the vital factor in the assumption of jurisdiction is the presence of antagonistic claims indicating imminent and inevitable litigation, coupled with a clear manifestation that the declaration sought will be a practical help in ending the controversy: . . .": *Capital Bank and Trust Company's Petition,* 336 Pa. 108, 111, 6 A. 2d 790.

The area of my disagreement with the majority opinion is whether the existence of another available remedy per se requires that the court *refuse* to entertain declaratory judgment. The majority opinion takes the position that the existence of such other remedy per se requires the refusal of declaratory judgment: I take the position that the existence of such other available remedy is merely *one factor* to be taken into consideration when the court exercises its discretion.

A study of the background of declaratory judgment in Pennsylvania is most enlightening. Until 1935, the effect of *many* of our decisions was that, if there did exist *any* other available remedy, per se declaratory judgment would not lie: *Johnson Estate,* 403 Pa. 476, 171 A. 2d 518 (wherein are set forth in footnote pp. 480, 481, the decisions so holding). At the same time, *both* in will and nonwill cases, our Court *did* entertain declaratory proceedings even though there was another remedy available: *Johnson Estate,* 403 Pa. 476, supra (wherein these cases are set forth in footnotes p. 482). Jurisdictions, other than Pennsylvania, almost uniformly held during this period under the *same* Uniform Act that declaratory judgment would lie, *even though another remedy was available.*

In order to bring Pennsylvania in line with the other jurisdictions and effect the spirit and the letter

of the Uniform Declaratory Judgments Act, Section 6 of our Act was amended: Act of April 25, 1935, P. L. 72, §1, 12 P.S. §836. That amendment was presumably drawn by former Chief Justice von Moschzisker. When that amendment reached the legislature, the legislative committee, in order to further clarify the thought in the von Moschzisker amendment, added an amendment to that amendment and the Act was thus amended. After the Act was thus amended, Justice Linn by his language in *Allegheny County v. Equitable Gas Co.*, 321 Pa. 127, 183 A. 916, construed the language of Section 6 in such manner that the result was the same as *before* the 1935 amendment. Then came *Stofflet & Tillotson v. Chester Housing Authority*, 346 Pa. 574, 31 A. 274, and *Valley Railroad Co. v. Delaware, Lackawanna & Western Railroad Co.*, 346 Pa. 579, 31 A. 2d 276, in which this Court refused declaratory judgment simply because of the availability of another remedy.

*To cure this situation,* the legislature finally again amended the Act on May 26, 1943 (P. L. 645, §1, 12 PS §836). The effect of that amendment is clear, i.e., that the existence of another remedy, in law or in equity, will not per se bar declarative relief. Our courts from that time on have uniformly held, *with two exceptions,* that the existence of another remedy will not per se bar declaratory relief, but it is simply *one factor* to be considered by the court in the exercise of its discretion. These two exceptions are *Wirkman v. Wirkman Co.*, 392 Pa. 63, 66, 139 A. 2d 658, and *Holt Estate,* 405 Pa. 244, 174 A. 2d 874. In *Wirkman* the *only* decisional point was that the parties, having contractually bound themselves to pursue arbitration to the exclusion of prior judicial relief, were concluded from seeking declaratory judgment and the statement in *Wirkman* that "A declaratory judgment should not be granted where a more appropriate remedy is available".

is dicta. Both *Wirkman* and *Holt* rely on *Stofflet & Tillotson,* supra, the effect of which was nullified by the 1943 amendment to the Act.

That the effect of the 1943 amendment was clearly intended to nullify the pre-1943 decisions is rendered abundantly clear by the decision written by Justice LINN in *Philadelphia Manufacturers Mutual Fire Insurance Company v. Rose,* 364 Pa. 15, 70 A. 2d 316, and the decision of Justice ARNOLD in *Burke v. Pittsburgh Limestone Corp.,* 375 Pa. 390, 391, 100 A. 2d 595.

In my opinion, to hold that the existence of another available remedy per se bars declaratory judgment is to turn the clock backward, to ignore the *clear* legislative mandate, and to confuse both the bench and the bar. It is my opinion that, if there is a *statutorily* provided remedy, such remedy *must* be pursued, but, if there is simply another available remedy not statutorily provided, the existence of such remedy should be only *one factor* to be weighed by the court in its discretion, and it should not be the *only* factor.

Mr. Justice COHEN joins in this opinion.