**Cardell Company v. Western Union Telegraph Co.**

*Joseph V. Furlong, Jr.,* for plaintiff.
*Norman Bradley,* for defendants.

HIRSH, J., June 1, 1971.—This case was before us on December 30, 1970, on Western Union's petition for declaratory judgment. We heard oral argument on that date and then entered an order denying Western Union's petition.

## FACTS

On December 12, 1963, Marvin Cardell, trading as Cardell Company, and Western Union entered into an agreement whereby Cardell agreed to perform certain alterations and additions to the Ritz Tower Apartments (Ritz), Thirteenth and Chancellor Streets, Philadelphia, Pa. One of the conditions of this contract was that Cardell would provide insurance "to indemnify and save harmless" Western Union and other specific persons from property damages, and other nonrelevant injuries.

Pursuant to the agreement, Cardell presented to Western Union's representative a certificate of insurance on December 12, 1964, with coverage in excess of that required by paragraph 10 of the general specifications of the contract. No objection to the certificates were raised.

Cardell completed all work on the contract and presented its bill for final payment on December 15, 1964. Subsequently, the owners of Ritz brought suit against Western Union in the Supreme Court of New York State, for damages alleged to have occurred to the Ritz

by reason of the repairs, alterations and additions performed by Cardell to Western Union's equipment.

On August 1, 1966, Western Union wrote to Cardell claiming that his acts caused the alleged damage. Western Union then cited sections 25 and 26 of the Specifications FN No. 2 and demanded that Cardell ". . . indemnify, protect and save Western Union harmless against the damages claimed and undertake, at no cost and expense to Western Union, the defense of the foregoing action and the payment of any judgment arising therefrom": (From letter signed by John M. Evans, Vice President and General Counsel of Western Union).

On September 9, 1966, Aetna Life and Casualty Company, which issued the insurance certificates to Cardell, sent a letter to Cardell which stated that they would not defend such action, but would indemnify Western Union in accordance with the terms of the contract between Cardell and Western Union. Aetna's commitment to indemnify Western Union in accordance with the contract was communicated to Western Union.

As raised by Cardell's petition for declaratory judgment and as stated in his memorandum of law, since Western Union has refused to pay to Cardell the balance due him on the contract, allegedly $12,830, because of the pending litigation in New York, the crux of the matter is that Western Union believes that Aetna should defend the suit; Aetna, on the other hand, claims that Western Union should defend and Aetna, in turn, will then pay any judgment or settlement and the attending legal costs and fees.

Cardell's petition for declaratory judgment, therefore, seeks to have us declare that by reason of Cardell's alleged completion of the work as contracted for, Cardell is entitled to have paid to him the balance due

him on the contract. It is with this prayer of the petition that we do not agree.

Based on a long line of cases beginning with Wirkman v. Wirkman Co., 392 Pa. 63 (1958), and then affirmed by McWilliams v. McCabe, 406 Pa. 644 (1962), it has been uniformly held that "A declaratory judgment should not be granted *where a more appropriate remedy is available*": McWilliams v. McCabe, supra, at page 654. Further, the McWilliams court also pointed out that a declaratory judgment ". . . *is not an optional substitute for established and available remedies.* 'The Uniform Declaratory Judgments Act . . . was not intended for, and should not be *involved* in cases where the judgment sought can be had as expeditiously in the ordinary course of legal procedures as it can under the statute' ": McWilliams v. McCabe, supra, at page 653. See also Greenberg v. Blumberg, 416 Pa. 226 (1965); Carlson v. Pa. General Insurance Company, 417 Pa. 356 (1965); Mains v. Fulton, 423 Pa. 520 (1966); Port Authority of Allegheny County v. Amalgamated Transit Union, 430 Pa. 514 (1968); Bierkamp v. Rubinstein, 432 Pa. 89 (1968); and C. H. Pitt Corporation v. Insurance Company of North America, 435 Pa. 381 (1969).

Here, a more appropriate established remedy is available to protect fully the rights of all involved. If Western Union is in violation of its contract with Cardell, and if Aetna is in violation of its contractual obligations to either Cardell or Western Union, an adequate remedy at law exists whereby any and all resulting loss can be recovered.

This proceeding is, from the face of the petition itself, simply an action for the recovery of money allegedly due Cardell by Western Union under a written contract, for which the available and appropriate rem-

edy is an action in assumpsit, which will fully protect the rights of the parties in this litigation. For this reason, we have denied Cardell's petition for declaratory judgment.

Accordingly, it is hereby ordered that plaintiff's petition for declaratory judgment is denied.

HIRSH, J., June 9, 1971.—

## ADDENDUM TO OPINION

In the opening paragraph of our opinion in the above-captioned matter, we inadvertently stated the case was heard on Western Union's petition for declaratory judgment.

The opening paragraph of our opinion is corrected to, and should read, as follows:

This case was before us on December 30, 1970, on Marvin Cardell, trading as Cardell Company's petition for declaratory judgment. We heard oral argument on that date and then entered an order denying Cardell's petition.