## Young v. Warren County

*Samuel Bonavita,* for plaintiff.
*William Mervine,* for defendant.

WOLFE, P. J., July 16, 1971.—For disposition is defendant's motion for dismissal of plaintiff's petition for declaratory judgment.

After argument thereon, the court is of the opinion that the motion must be granted.

Petitioner alleges that he is the owner of a certain piece of land located in Mead Township, Warren County, which he acquired on November 16, 1960, and at the time of purchase was used as a gravel pit; that subsequent to the purchase, plaintiff has used the gravel pit and has entered into a current agreement with other parties to remove gravel therefrom.

Although no testimony was taken, argument was given from both parties and it is established therefrom that the zoning officer of Warren County has requested defendant to cease and desist further operations of the gravel pit, as its continued use is in violation of the Warren County Zoning Ordinance of 1965, being located in a residential district and does not come under the exception of a nonconforming use as provided in section 1503 of the ordinance.

Plaintiff's position is that his continued use is permitted as a nonconforming one and plaintiff and defendant have agreed that upon the controversy thus arising the questions involved should be presented to the court for declaratory judgment.

Defendant acknowledged it originally agreed to submit the matter to this court for disposition but did so with the understanding that plaintiff would remove no gravel from the pit until the court rendered its decision and, in any event, there is a dispute between the parties whether defendant is, in fact, removing gravel from the pit.

Generally, the acceptance of jurisdiction of an issue ripe for declaratory judgment is discretionary with the court: Act of June 18, 1923, P. L. 840, sec. 6, 12 PS §836, as amended.

Defendant asserts a declaratory judgment will not lie if there is a dispute as to relevant facts. We agree: C. H. Pitt Corp. v. Insurance Company of North America, 435 Pa. 381 (1969).

We think, however, there is a more urgent reason this court should not entertain plaintiff's petition. The act directly expresses if a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed. This is not absolute, however, and a court may entertain such a petition if the other essentials to such relief are present. In McWilliams v. McCabe, 406 Pa. 644 (1962), Mr. Justice Bell, with Mr. Justice Jones concurring and dissenting, interprets at length the same issue now before this court. The majority opinion held that, notwithstanding the broad language of the declaratory judgments act, parties are not entitled to its benefit as a matter of right. In McWilliams v. McCabe, ibid., the following quotation is found in the leading case of Eureka Casualty Company v. Henderson, 371 Pa. 587, 92 A.2d 551, speaking through Chief Justice Stern: "We start with the fundamental proposition that whether or not a court will take jurisdiction of a petition for a declaratory judgment or decree is purely a matter of judicial discretion."

This is so even though both parties have joined in asking for such a judgment; the question of its availability must be determined by the appellate court on appeal. "It is not an optional substitute for established and available remedies. The Uniform Declaratory Judgments Act . . . was not intended for, and should not be invoked in cases where the judgment sought can be had as expeditiously in the

ordinary course of legal procedure as it can under the statute" (McWilliams v. McCabe, 406 Pa. 644, 653) and, again, holding declaratory judgment procedure should not be used where there is a likelihood to increase litigation which is already swamping the courts and should not be granted where a more appropriate remedy is available.

In the current case we think this is particularly true in view of the admitted dispute of facts as to the use or nonuse of the gravel pit in question. The zoning ordinance, article VII, provides for a zoning board of adjustment which shall have the duties and powers to hear and decide appeals from and review any order, requirement, decision or determination made by the zoning officer charged with the enforcement of the ordinance: Article VII, Zoning Board of Adjustment, sec. 1700, 1701, Warren County Zoning Ordinance 1965. Appellate procedure is provided by the ordinance to the Court of Common Pleas.

Thus, it is apparent plaintiff has appropriate legal machinery to resolve the issue if the subject premises are qualified for a nonconforming use.

It is also apparent that this factual matter will have to be resolved either before the zoning board of adjustment or upon appeal following a decision therefrom by either party if they so elect and, hence, this court can find no good reason to circumvent the procedure under the ordinance to resolve this issue in the first instance by accepting original jurisdiction through a petition for declaratory judgment.

For the foregoing reasons, the court makes the following order:

## ORDER

And now, July 16, 1971, defendant's motion for dismissal of plaintiff's petition for declaratory judgment is granted. Exceptions noted for petitioner.