Baskind, Appellant, *v.* National Surety Corporation.

Argued October 12, 1953. Before STERN, C. J. STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

re-argument refused January 14, 1954.

*Ernest C. Reif,* with him *J. Lawrence McBride* and *Dickie, McCamey, Chilcote, Reif & Robinson,* for appellants.

*Tom P. Monteverde,* with him *James J. Burns, Jr.,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 4, 1954:

The basic question presented by these appeals is whether or not a declaratory judgment is an appro-

priate remedy where, before a document can be construed, it is necessary to reform the instrument.

The petition for declaratory judgment averred that Abe Baskind was insured by the National Surety Corporation for public liability on a 1950 Chevrolet sedan which, however, in fact, was not owned by him, but title thereto was in the name of his daughter, Pearl Baskind. The petition avers that by and with the consent of both the father and daughter, Sam Baskind, son of Abe, was driving the automobile and caused personal injury and property damage to third persons. The insurance company disclaimed liability for the reason that Abe Baskind did not own the automobile and Pearl Baskind was not insured by the company. A history of various automobiles owned by plaintiffs and the insurance thereon is recited in the petition, but it is unnecessary to narrate it again since the narrow issue is as above stated.

In its opinion refusing reargument and reaffirming its decree sustaining objections to the amended petition for declaratory judgment, the court below stated: "... . plaintiffs have abandoned their original prayer for reformation . . ." of the insurance policy. In its opinion the court appropriately states: ". . . The plaintiffs are asking for extensive relief which would, if granted, make the policy issued to Abe Baskind a very different and more inclusive document. . . ."

While in *"form"* the plaintiffs disclaim the desire to reform the policy, yet *"in substance"*, as stated by the court, this is precisely what they seek to do by way of a declaratory judgment.

. . Plaintiffs' prayer for declaratory judgment does not fall within the area of the law where a declaratory judgment may be granted. The amended petition, in effect, prays for *reformation* of the insurance con-

tract. To decide that it was the intent of the parties to have the policy issued in the name of Pearl Baskind would constitute a reformation of the policy. The plaintiffs would then have the court enforce the *reformed* policy by declaring that since Pearl Baskind was the insured and Sam A. Baskind drove the car with her permission, the defendant is liable under the policy. This is clearly not the type of relief envisioned by the Uniform Declaratory Judgments Act, infra. Section one of the Act states: "Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. . . ." To *reform* would not be declaring a right, status, or other legal relation. It is only *after* reformation that rights of the parties could be declared in respect to the reformed contract. The Act contemplates a declaration of rights, status, or other legal relation of any person interested under an *existing instrument,* statute, ordinance, contract, or franchise. Nowhere are the courts given the authority to *reform* an instrument in a declaratory judgment proceeding. Such a proceeding is limited to the adjudication of rights under *existing* documents or legislation as then written.

The Legislature enacted the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS 831 et seq. with its amendment of May 26, 1943, P. L. 645, sec. 1, 12 PS 836. Justice LINN *in Philadelphia Manufacturers Mutual Fire Insurance Company v. Rose,* 364 Pa. 15, 70 A. 2d 316, construed these statutory provisions. He said (p. 22) : ". . . neither the fact that the defendant might have pursued his 'general common law remedy' by suing in assumpsit, nor the fact that plaintiff might have used an 'equitable remedy' to reform the policy (nor both facts together)

shall, . . . 'debar a party [here both parties asking for the same relief] from the privilege of obtaining a declaratory judgment or decree in any case *where the other essentials to such relief are present.*' " (Italics supplied)

Justice LINN, however, was construing an *existing* contract, being the interpretation of an industrial insurance policy. What that opinion held was that a declaratory judgment proceeding was not improper merely because the insured could have had the policy *interpreted* in an action in assumpsit or by a bill in equity to reform the policy.

No interpretation of an *existing* document is here involved. The policy does not name Pearl Baskind as the insured. The only method by which her name can be inserted is by *reformation* of the policy, which is not within the provisions of the Uniform Declaratory Judgments Act, supra.

Judgment affirmed.