485 A.2d 1131

**NEW LONDON OIL COMPANY, INC., Appellant,**

v.

**Bruce E. ZIEGLER and Annis H. Ziegler.**

Superior Court of Pennsylvania.

Argued June 19, 1984.

Filed Dec. 7, 1984.

James C. Blackman, Oil City, for appellant.

Jon P. Marti, Warren, for appellee.

Before TAMILIA, JOHNSON and MONTGOMERY, JJ:

JOHNSON, Judge:

New London Oil Company, Inc., appellant, appeals from the entry of judgment in favor of appellees Bruce E. and Annis H. Ziegler in this declaratory judgment action. Ap-

pellant corporation is the successor to original plaintiff Ken Fowler & Co., which company was assigned the rights of Ernest Bencivenga, David Bencivenga, Charles Kaempffer and Kenneth Fowler, who entered into an oil and gas lease and two equipment purchase agreements as lessees/purchasers with appellees, owners of the real and personal property at issue. Appellant had sought a declaratory judgment regarding the rights and duties of the parties with respect to the lease and the two equipment purchase agreements.

We now vacate the April 12, 1982 entry of judgment, as well as the January 27, 1982 decree nisi.

Pursuant to negotiations between the parties in 1979, an oil and gas lease was executed, effective December 28, 1979, leasing a tract of land, as well as the oil and gas in and under that tract, to appellant's predecessors in interest, Ernest Benc. /enga, David Bencivenga, Charles Kaempffer and Kenneth Fowler. Appellant's predecessors were given the exclusive drilling and operating rights for the production of oil and gas. Two equipment purchase agreements were also executed, regarding various equipment necessary to the drilling operation.

Following a series of conflicts involving use of a warehouse located on the leased tract and certain equipment contained within the warehouse and in a pipeyard on the tract, appellant filed a declaratory judgment action on November 24, 1980. The court requested a stipulation as to the issues to be determined and following the filing of the stipulation, entered judgment in favor of appellant, declaring, inter alia, that all equipment and materials located on the premises and previously utilized by appellees for the drilling operations at the time of the execution of the lease were subject to the agreements.

Appellees filed exceptions and a hearing was held where the parties orally stipulated that the purpose of the hearing was to hear all testimony regarding the intent of the parties in negotiating and entering into the lease agreement and equipment purchase agreements. Various documents were

introduced and testimony of the parties taken. The trial court treated the action as one for reformation of the instruments, pursuant to the parties' oral stipulation. The trial court subsequently ruled in favor of appellees, declaring the warehouse and its contents and the pipeyard and its contents *not* part of the lease agreement. Appellant filed exceptions which were denied and judgment entered, prompting this appeal.

Seven issues are raised on appeal. However, because of our disposition of appellant's first issue, we need not address the remaining issues.

Appellant initially argues that the trial court erred in transforming the declaratory judgment action into an equity action for reformation of the agreements. We agree.

 The Declaratory Judgments Act, 42 Pa.C.S. §§ 7531–7541, is broad in its scope and is to be liberally construed, but is not without its limitations. *Doe v. Johns-Manville Corp.*, 324 Pa.Super. 469, 471 A.2d 1252 (1984). The purpose of the Act is to settle and afford relief from uncertainty and insecurity with respect to rights, status and other relations. 42 Pa.C.S. § 7541(a); *Fidelity Bank v. Pennsylvania Turnpike Commission*, 498 Pa. 80, 444 A.2d 1154 (1982). The construction of documents, including written contracts and leases, may properly be the subject of an action for declaratory judgment. *See* 42 Pa.C.S. § 7533; *Girard Trust Co. v. Tremblay Motor Co*, 291 Pa. 507, 140 A. 506 (1928) (construction of lease).

 It is well settled, however, that courts are not authorized to reform instruments within the framework of a declaratory judgment action. *Baskind v. National Surety Corp.*, 376 Pa. 13, 101 A.2d 645 (1954).

> To *reform* would not be declaring a right, status, or other legal relation. It is only *after* reformation that rights of the parties could be declared in respect to the reformed contract. The Act contemplates a declaration of rights, status, or other legal relation of any person interested under an *existing instrument*, statute, or ordinance, con-

tract, or franchise. Nowhere are the courts given the authority to *reform* an instrument in a declaratory judgment proceeding. Such a proceeding is limited to the adjudication of rights under *existing* documents or legislation as then written.

*Baskind,* 376 Pa. at 15, 101 A.2d at 646 (emphasis in original). *See also McWilliams v. McCabe,* 406 Pa. 644, 179 A.2d 222 (1962); 11 P.L.E. Declaratory Judgment § 18.

Appellees counter this argument by alleging that the parties had conferred with the trial judge in chambers and agreed that the case would be treated as if in equity for reformation. A stipulation was subsequently placed on the record and agreed to by the parties.

■ A reviewing court may not consider facts not of record set forth in a party's brief. *Commonwealth v. Stanton,* 294 Pa.Super. 516, 440 A.2d 585 (1982). Hence, whatever occurred in chambers cannot be considered, as that discussion does not appear in the certified record. As to the stipulation, the hearing transcript sets forth:

MR. MARTI: [appellees' counsel] Your Honor, it is my understanding that the intent of this hearing was to hear all testimony regarding the intent of the parties in negotiating and entering into the lease agreement and the two agreements of sale, and as to the purpose of this hearing both parties are willing to stipulate to the fact they may have all documents that are relevant submitted to the Court for its ruling on the issues before the Court as to the intent of the parties:

MR. ROSEN [appellant's counsel]: I think that accurately reflects the understanding.

(N.T. 12/29/81 at 16)

This stipulation did not transform the declaratory judgment action to one for reformation of the agreements. It merely discussed the purpose of the hearing: to ascertain the intent of the parties. Appellant's complaint requested construction of the agreements. The cardinal rule of contract construction is to ascertain the intent of the parties.

*United Vending Corp. v. Lacas,* 410 Pa. 614, 190 A.2d 298 (1963). Hence, the stipulation merely set forth the purpose of the declaratory judgment action.

The record indicates that the trial court, on September 21, 1981, entered judgment for appellant in the declaratory judgment action, determining that the oil and gas lease demised the surface of all the premises for reasonable use by appellant to drill and operate oil and gas wells and to utilize the surface of the premises as is necessary for those purposes. That judgment also determined that all equipment and material located on the premises and utilized by appellee Bruce Ziegler for the operations of the wells at the time of the lease's execution were subject to the agreements.

As set forth above, exceptions were filed to the opinion and order of September 21, 1981. Appellee specifically excepted to the trial court's entry of its opinion and order before ruling on appellees' preliminary objections and affording appellees an opportunity to answer appellant's allegations as framed by the issues submitted to the court. Rather than respond directly to the exceptions arising from the order of September 21, 1981, the trial court, with the agreement of counsel for both parties, proceeded with the hearing in December at which the intent of the parties was explored.

The trial court's judgment of April 12, 1982 in favor of appellees was based on the hearing for reformation of the agreements. Since we now hold that reformation is improper in a declaratory judgment action, we vacate both the decree nisi filed January 27, 1982 and the final judgment of April 12, 1982. The case is remanded for reconsideration of the original action, including the opinion and order filed September 21, 1981 and the exceptions filed thereto, on October 9, 1981 by appellees. Further proceedings shall be limited to matters properly arising in a declaratory judgment action.

386

Either party shall retain the right to appeal from any final order entered in this matter. Jurisdiction is relinquished.