## Tucker v. Williams

*Paul H. Millin,* for plaintiff.
*Bernard J. Hessley,* for defendant.

WOLFE, *P.J.,* October 12, 1992—For disposition are plaintiff's preliminary objections in the nature of a demurrer to defendant's amended complaint. We have held argument and briefs have been filed, and we make the following disposition.

The parties were married February 28, 1959, at Orleans, France, and were divorced on May 12, 1983. Plaintiff entered his consensual divorce on May 10, 1983, as well as defendant. Paragraph 4 of the parties' affidavit of consent recites:

"(4) I understand that if a claim for alimony, alimony pendente lite, marital property or counsel fees or expenses has not been filed with the court before the entry of a final decree in divorce, the right to claim any of them will be lost."

The parties entered into a property settlement agreement et al., on February 8, 1983, and made a division of their personal property as well as their realty and other matters pertaining to their marital difficulties. A prologue preceded the specifics of the agreement, reciting:

"Whereas, the parties hereto have been fully, separately and independently appraised and advised of their respective legal rights, remedies, privileges and obligations, arising out of the marriage relation, or otherwise, by counsel of their choice and selection or other advisor or advisors of their own choosing, and each having in addition thereto, made independent inquiry and investigation with respect to all of the same, and each having been fully informed of the other's assets, property, holdings, income and

"Whereas, the parties hereto each warrant and represent to the other that they and each of them fully understand all of the terms, covenants, conditions, provisions and obligations incumbent upon each of them by virtue of this agreement to be performed, or contemplated by each of them to perform, each believes the same to be fair, just and reasonable and to their respective individual best interests."

Initially, defendant was represented by attorney Richard A. Leuthold, now deceased. At the time of execution of the agreement defendant was not represented by separate counsel; however, attorney Steven Gilford reviewed the legal aspects of the agreement with defendant.[*]

The subject matter of defendant's cause of action is plaintiff's military pension. Rather than commencing a new cause of action, defendant has elected to adopt the parties' divorce action to no. 14 of 1981, wherein Harry E. Tucker is plaintiff and Wanda G. Tucker, now by marriage, Wanda G. Williams, is defendant. In passing, we note this is procedurally improper, and the initial pleading of defendant herein is styled "complaint for declaratory

---

[*] Paragraph 15 of defendant's "equity-declaratory relief amended pleading."

judgment" seeking marital distribution of plaintiff's military pension. Plaintiff filed preliminary objections to this alleged complaint for a motion to strike as not conforming to law and an action for declaratory judgment is totally inappropriate to bring defendant's issue to court. We granted defendant 20 days to file an amended complaint.

Undeterred by the use of the prior divorce form of action, defendant again adopts the parties' divorce caption and now styles the case "equity—declaratory relief amended complaint in civil action—equity."

Defendant's amended complaint alleges plaintiff worked a fraud upon defendant in the execution of the agreement of 1983 in that she was led to believe the military pension was exempt from equitable distribution under federal law, and plaintiff represented to defendant he would inform her of any changes in regards to the military pension status if it became marital property. Moreover, defendant complains and argues at the time the divorce complaint was filed plaintiff's military pension was not subject to marital distribution; however, within three days thereafter the law was changed subjecting it to marital distribution, and plaintiff failed over the years to inform defendant of this fact.

Defendant's amended complaint alleges at the time the original divorce complaint was filed plaintiff was receiving a military pension, and defendant was aware plaintiff was receiving it. Defendant continues to allege plaintiff represented to her she needed no attorney, that the pension was fully discussed with plaintiff and defendant by counsel, Steven Gilford, Esquire, and alleges plaintiff and Mr. Gilford exercised a fraud upon her by inducing her to enter into the agreement.

In the alternative, defendant alleges that the parties were mutually mistaken concerning the status of the pension as marital property, and in Count Two defendant again raised the issue of declaratory relief under the Uniform Services Former Spouse's Protection Act, 1983, P.L. 97-252, effective February 1, 1983, 10 U.S.C. §1404.

Defendant prays the court enter judgment declaring that the USFSPA mandates the opening of the divorce agreement (as contrary to opening the divorce decree) and the military pension be labeled a marital asset subject to equitable distribution and to make indemnification to defendant.

Procedurally, the divorce decree incorporated the parties' agreement:

"In addition, upon stipulation of the parties, an agreement dated February 8, 1983, which has been marked as Exhibit A, attached hereto, and made a part hereof, it is hereby incorporated as part of this decree."

When an agreement is incorporated in a divorce decree, it maintains its separate identity as a contract and is independent from the divorce decree, enforceable under the laws of contract. *Jackson v. Culp,* 400 Pa. Super. 519, 583 A.2d 1236 (1990):

"In Pennsylvania, a settlement agreement between a husband and wife is governed by the law of contracts unless the agreement itself provides otherwise. Hence, when the language of such an agreement is clear and unambiguous, the focus of the interpretation must be upon the terms as manifestly expressed." (citations omitted)

Our Divorce Code, 23 Pa.C.S. §3105, *Effect of Agreement Between Parties,* makes no differentiation between merged or incorporated agreements:

"(a) *Enforcement*—A part to an agreement regarding matters within the jurisdiction of the court under this part, whether or not the agreement has been merged or incorporated into the decree, may utilize a remedy or sanction set forth in this part to enforce the agreement to the same extent as though the agreement had been an order of the court except as provided to the contrary in the agreement....

"(c) *Certain provisions not subject to modification.* In the absence of a specific provision to the contrary appearing in the agreement, a provision regarding the disposition of existing property rights and interests between the parties, alimony, alimony pendente lite, counsel fees or expenses, shall not be subject to modification by the court."

In *Sonder v. Sonder,* 378 Pa. Super. 474, 549 A.2d 155 (1988), the court held an incorporation of a property agreement in a divorce decree without a merger provision does not permit the trial court to entertain a modification of the agreement under the Divorce Code, and the agreement is enforced as a contract and not as a court order.

We therefore conclude it is unnecessary to open the parties' divorce decree to enforce the agreement.

Despite our strong suggestion to counsel for defendant is our opinion the Declaratory Judgment Act, 42 Pa.C.S. §7531, is not the appropriate procedural vehicle to enforce the parties' agreement; nonetheless, defendant persists under that Act when, in fact, the parties's agreement is silent as to the plaintiff's military pension and its future distribution if it should become marital property.

In *Baskind v. Nat. Surety Corp.,* 376 Pa. 13, 101 A.2d 645 (1945), our Supreme Court unequivocally held the Declaratory Judgment Act is an inappropriate remedy for

the enforcement of a contract if the document must be reformed before the court may interpret it:

"Plaintiffs' prayer for declaratory judgment does not fall within the area of the law where a declaratory judgment may be granted. The amended petition, in effect, prays for *reformation* of the insurance contract. To decide that it was the intent of the parties to have the policy issued in the name of Pearl Baskind would constitute a reformation of the policy. The plaintiffs would then have the court enforce the *reformed* policy by declaring that since Pearl Baskind was insured and Sam A. Baskind drove the car with her permission, the defendant is liable under the policy. This is clearly not the type of relief envisioned by the Uniform Declaratory Judgment Act, *infra.*"

Instantly, defendant has a hybrid type of action styled in a divorce caption, couched in equity, and for relief under the Declaratory Judgment Act. Essentially, defendant would have the court interpret the parties' separation contract, requiring a reformation thereof, to place therein the disposition of plaintiff's military pension. As in *Baskind, supra,* the court may not do this as a matter of law. The parties' separation agreement may not be opened by the court with the court permitting reformation thereof and thereafter interpreting the agreement as reformed.

A similar attempt was made and disposed of in *McWilliams v. McCabe,* 406 Pa. 644, 179 A.2d 222 (1962), citing *Baskind, supra.* Indeed, citing cases held, "notwithstanding the broad language of the Declaratory Judgment Act, they are not, and practical experience and realities have demonstrated that they should not be a matter

of right, but a matter initially for the sound discretion of the lower court."

The court held a declaratory judgment proceeding should not be the remedy when other appropriate procedure is available, and the court held the plaintiff, under the guise of a declaratory judgment petition, was asking the court "first, to very substantially change, vary, limit and negate—under the guise of 'interpreting'—the written agreement of sale for the five acres, and secondly, to impair, modify and effectually nullify a fee simple deed to said premises, by parol evidence."

Finally, in *New London Oil Co. Inc. v. Ziegler,* 336 Pa. Super. 380, 485 A.2d 1131 (1984), the court held the Declaratory Judgment Act is to be liberally construed, but it is not without its limitations, and the purpose of the Act is to settle and afford relief from uncertainty and insecurity with respect to rights, status and other relations, however:

"It is well settled, however, that courts are not authorized to reform instruments within the framework of a declaratory judgment action." *Baskind v. Nat. Security Corp., supra.*

Instantly, we cannot interpret the parties' separation agreement without first reforming it, and obviously to do so would be to utilize parol evidence.

We conclude, as a matter of law, defendant's hybrid action under the divorce caption and the Declaratory Judgment Act is fatally flawed procedurally and in substance; and, notwithstanding, accepting the well-pleaded facts as true, we conclude defendant has stated no cause of action. Because this is defendant's second attempt under the Dec-

laratory Judgment Act and we are satisfied defendant cannot legally state a cause of action, the demurrer must be granted and the complaint dismissed.

For these reasons we enter the following

## ORDER

And now, October 12, 1992, the plaintiff's demurrer to the defendant's amended complaint is granted with prejudice.