J-A09017-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AMANDA SASLOW AND DANIEL PROSEN | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : | |
| HAREGEWAIN MASSELE A/K/A HARRY MASSELE AND ZUFAN MUHABIE | : : : : : | No. 1360 EDA 2021 |
| APPEAL OF: HAREGEWAIN MASSELE | : | |

Appeal from the Judgment Entered July 8, 2021
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  190500445

BEFORE:   NICHOLS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:               **FILED AUGUST 19, 2022**

Haregewain Massele ("Massele") appeals from the judgment entered in favor of Amanda Saslow and Daniel Prosen (collectively, "Appellees").  We vacate the judgment.

We summarize the background of this property dispute from the record. Massele purchased 2271 Bryn Mawr Avenue ("Massele's property") in 1992. He later approached his then-neighbor, Louise Shoemaker ("Shoemaker"), the owner of 2265 Bryn Mawr Avenue ("Shoemaker's property"), to buy some of her land.  Thereafter, Massele drafted and recorded a 2005 deed between him and Shoemaker ("the 2005 deed") that contained a metes and bounds

_____

[*] Retired Senior Judge assigned to the Superior Court.

description of an L-shape piece of land ("the disputed tract") and a handwritten amendment changing the property description of the disputed tract from "2265 Bryn Mawr Avenue" to "2271 Bryn Mawr Avenue Rear." *See* Trial Exhibit P-7 (2005 deed from Shoemaker to Massele). Massele paid Shoemaker $200 for the disputed tract. *See id*.

By the time of the 2005 sale, the City of Philadelphia ("the City") had designated the disputed tract as a separate tax parcel as outlined in the following illustration:[1]



The disputed tract ran behind three parcels on Bryn Mawr Avenue—an unidentified property to the north of Massele's property, Massele's property,

---

[1] Although included in Appellees' complaint, the illustration was not admitted at trial as an exhibit. We include the illustration here only for demonstrative purposes.

and Shoemaker's property—and then perpendicular next to Shoemaker's property, including Nevada Street, which connects a driveway at the back of Shoemaker's property to Bryn Mawr Avenue.[2]

After executing and recording the 2005 deed for the disputed tract, Massele took no actions to exclude Shoemaker from using the portion of the disputed tract behind Shoemaker's property. Massele never paid additional taxes for any portion of the disputed tract. *See* N.T., 4/19/21, at 22, 97-100.

In 2013, Appellees bought Shoemaker's property from her estate. *See id*. at 31-33. After Appellees purchased the property, Massele approached them with a separate map that he had drawn by hand and which showed Massele's property, Shoemaker's property, and the disputed tract behind them. *See id*. at 38; *see also* Trial Exhibit P-2. On the map, Massele highlighted the portion of the disputed tract directly behind his property, which he claimed to own, but he did not claim that he owned the portion of the disputed tract behind Shoemaker's property. *See* N.T., 4/19/21, at 38. Massele did not object when Appellees built a fence across the disputed tract directly behind Shoemaker's property. *See id*. at 48.

---

[2] Apparently, sometime in the 1980's, the City designated the disputed tract, including Nevada Street, as a separate tax parcel identified as 2263 Bryn Mawr Avenue. *See* Trial Exhibits P-3, P-8.

As noted above, the City had designated the disputed tract as a separate tax parcel. Although taxes accrued,[3] the City apparently took no actions concerning the disputed tract until 2014, when it posted a notice of a tax sale of the disputed tract. *See id*. at 75. Appellees intervened in the City's action ("Appellees' tax action"). *See id*. Massele did not participate in Appellees' tax action although they informed him of the tax issue. *See id*. at 77.

In 2019, Appellees commenced the underlying action seeking a declaratory judgment against Massele after Massele began asserting a claim of title to the disputed tract, including Nevada Street.[4] Massele filed an answer and counterclaims for ejectment and trespass.

Following a hearing, the trial court, on May 21, 2021, found in favor of Appellees in their action for declaratory relief.[5] Massele filed post-trial

---

[3] As of April 2021, the City listed a tax balance due of $52,409 for the disputed tract. *See* Trial Exhibit P-8.

[4] Appellees alleged that Massele threatened to charge a toll for the use of Nevada Street, remove trees, stone walls, and fences from the disputed tract, and build apartments or a nursing home on his land. *See* Appellees' Complaint, 5/8/19, at 10-11. Additionally, Appellees requested that the trial court allocate *pro rata* taxes for the disputed tract, excluding Nevada Street, which Appellees alleged was a public road. *Id*. at 11, 14.

[5] Appellees brought their action under the Declaratory Judgment Act ("the Act"), 42 Pa.C.S.A. §§ 7531-7541. We note the Act is intended to determine existing rights under an instrument and does not authorize a court to reform the instrument. *See New London Oil Co., Inc. v. Ziegler*, 485 A.2d 1131, 1133 (Pa. Super. 1984) (citing *Baskind v. National Surety Corp.*, 101 A.2d 645, 646 (Pa. 1954) for the proposition that "[n]owhere are the courts given the authority to *reform* an instrument in a declaratory judgment proceeding [because s]uch a proceeding is limited to the adjudication of rights under *(Footnote Continued Next Page)*

motions, which the trial court denied. Thereafter, the trial court entered a final order that (1) modified Appellees' deed to include the portion of the disputed tract directly behind 2265 Bryn Mawr Avenue; (2) modified Massele's 2005 deed to reflect his ownership of the disputed tract directly behind 2271 Bryn Mawr Avenue; and (3) directed that the remainder of the disputed tract, excluding Nevada Street, revert to the estate of Shoemaker. The final order also declared that the City arbitrarily and without proper notice created a separate tax parcel for the disputed tract. Massele appealed, and both he and the trial court complied with Pa.R.A.P. 1925.[6]

Massele raises the following issues for review:

1. Did the [t]rial [c]ourt commit an error of law and/or abuse its discretion when it concluded that the doctrine of consentable lines by recognition and acquiescence applied to the facts of this case and that [Appellees] met their burden to produce credible, clear and definitive proof of adverse possession to

_____

***existing*** documents or legislation as then written" (emphasis in original)). Here, contrary to ***Ziegler*** and ***Baskind***, Appellees' claim seeking a modification of the 2005 deed did not seek to illuminate existing rights, but to reform the deed based on a mutual mistake. Nevertheless, the trial court arguably had the authority to reform the deed in an ejectment or quiet title action based on the facts pleaded by the parties. ***Cf. Doman v. Brogan***, 592 A.2d 104, 111 (Pa. Super. 1991) (recognizing that the equitable defense of mutual mistake may be raised in actions in ejectment).

[6] Due to an administrative delay, the trial court's final order was docketed on July 8, 2021, and Massele praeciped for the entry of judgment that same day. We have amended the caption to reflect that a judgment was entered on July 8th. Further, although Massele filed his notice of appeal before the entry of judgment, the subsequent entry of the judgment operates to perfect his appeal. ***See*** Pa.R.A.P. 905(a)(5); ***see also Biros v. U Lock Inc.***, 255 A.3d 489, 493 n.4 (Pa. Super. 2021), *appeal denied*, 271 A.3d 875 (Pa. 2022).

support their claim to that portion of the [disputed tract] that abutted the rear of [Appellees'] property based on that doctrine?

2. Did the [t]rial [c]ourt commit an error of law and/or abuse its discretion when it concluded that [Appellees] produced clear, convincing, precise and indubitable evidence of mutual mistake to warrant the modification and/or reformation of [Appellees'] Deed to include that part of [disputed tract] that abuts the rear of [Appellees'] property and the modification and/or reformation of [Massele's 2005 d]eed to include only that portion of the [disputed tract] that abutted [Massele's] Property?

3. Did the [t]rial [c]ourt commit an error of law and/or abuse its discretion when it concluded that [Massele] failed to produce evidence of *prima facie* title to the [disputed tract] and, accordingly, that [Massele] was not entitled in his action in ejectment to immediate possession of the entirety of the [disputed tract] including, but not limited to, that area of the [disputed tract] that abuts the rear of [Appellees'] property?

4. Did the [t]rial [c]ourt commit an error of law and/or abuse its discretion when it relied upon evidence *de hors* the record to delegitimize the existence of the [disputed tract] by finding that the [City] acted arbitrarily, capriciously and unconstitutionally when it created a tax identification number for the [disputed tract] and subsequently assessed and imposed real estate taxes upon the same?

5. Did the [t]rial [c]ourt commit an error of law and/or abuse its discretion when it relied upon evidence *de hors* the record to delegitimize the existence of the[disputed tract] based upon "1975 Shoemaker Deed", the "1965 Knopman Deed" and [City] [t]ax [r]ecords?

6. Did the Trial Court commit an error of law and/or abuse its discretion when it made findings of fact that referred and related to the preparation, delivery and recording of [Massele's] 2005 deed conveying the [disputed tract] from Louise Shoemaker to Massele and otherwise made findings of fact that impugned the motives and conduct of [Massele]?

Massele's Brief at 4-6.

Before addressing the merits of Massele's issues, we must first consider whether the trial court had subject matter jurisdiction over the parties' claims, which concerned the City's interests in a public road and its taxing authority. This Court may raise the failure to join an indispensable party *sua sponte* at any time because the failure to do so implicates the trial court's competency to hear and decide the claims. **See Turner v. Estate of Baird**, 270 A.3d 556, 560 (Pa. Super. 2022) (the failure to join an indispensable party implicates the trial court's subject matter jurisdiction); **Strasburg Scooters, LLC v. Strasburg Rail Road, Inc.**, 210 A.3d 1064, 1067 (Pa. Super. 2019) (the lack of subject matter jurisdiction may be questioned at any time by any party or by a court *sua sponte*).

Parties are indispensable when their rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. **Guiser v. Sieber**, 237 A.3d 496, 505 (Pa. Super. 2020). The basic inquiry when determining a party is indispensable is whether justice can be done in the absence of a third party. **Id**.[7] If no redress is sought against the

---

[7] This Court employs the following test to determine whether a party is indispensable:

1. Do absent parties have a right or an interest related to the claim?

2. If so, what is the nature of that right or interest?

3. Is that right or interest essential to the merits of the issue?

*(Footnote Continued Next Page)*

absent party and the absent party's rights would not be prejudiced by any decision in the case, the party is not indispensable with respect to the litigation. *Id*.

In the matter *sub judice*, we reluctantly conclude that the trial court lacked subject matter jurisdiction because the parties failed to join the City, which is an indispensable party. Massele claimed an interest over Nevada Street, which appears to be a public roadway maintained by the City. It is well settled that a person cannot own, sell, purchase, or otherwise claim an interest in a public roadway. *See Turner*, 270 A.3d at 561. Despite this, the trial court did not squarely address the issue of the City's interest, or lack of an interest, in Nevada Street.[8] Further, the City had an interest in the designation of portions of the disputed tract for tax purposes; however, the

_____

> 4. Can justice be afforded without violating the due process rights of absent parties?

*Northern Forests II, Inc. v. Keta Realty Co.*, 130 A.3d 19, 29 (Pa. Super. 2015).

[8] We note that the trial court's memorandum opinion refers to materials not admitted into evidence at the trial, specifically, materials attached to the parties' pleadings, but not introduced at trial. *See* Trial Court Opinion, 5/25/21, at ¶ 6 (discussing Shoemaker's 1975 deed that was not admitted as a trial exhibit). The trial court also appears to have conducted research independent of the trial evidence. *See id*. at ¶¶ 13 (referencing a 1942 City map and an internet address), 66 (discussing current tax assessments not referred to at trial), 79 n.2 (noting that updated images of the disputed tract no longer include Nevada Street). The trial court, apparently referencing a recent online tax map and comparing it to a trial exhibit, noted that Massele's claims of ownership of Nevada Street "was highly improper." Trial Court Opinion, 7/12/21, at 11 n.2. The court, however, did not specifically find that Nevada Street was a Philadelphia street.

City had no opportunity to assert or waive its tax interests at the trial. Instead, based on the limited evidence provided by the parties, and the apparent independent research the trial court conducted, the trial court struck the City's tax designation in its entirety without affording the City an opportunity to be heard. For these reasons alone, we conclude that the trial court's judgment is void due to the failure to join the City and must be vacated. *See Turner*, 270 A.3d at 560; *Guiser*, 237 A.3d at 505.

Based on our conclusion that the trial court lacked subject matter jurisdiction to adjudicate the claims before it, we express no opinion on the merits of the trial court's attempt to resolve the narrow boundary issue between the parties, or the court's broader holdings concerning the disputed tract. However, we note that although Shoemaker's estate did not have an existing interest in the disputed tract, it may be still entitled to notice and an opportunity to be heard, where an isolated portion of the tract could revert back to it and the taxes it owes could increase. Lastly, we caution the trial court from engaging in independent research if this matter proceeds further in the trial court. *See M.P. v. M.P.*, 54 A.3d 950, 955 (Pa. Super. 2012).

Judgment vacated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/19/2022</u>